IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF WEST VIRGINIA

HUNTINGTON DIVISION

MICHELLE HANNAH,

        Plaintiff,

v.                                         CIVIL ACTION NO. 3:14-24866

GC SERVICES LIMITED PARTNERSHIP
d/b/a GC SERVICES,
DAN DARNULC and
SCOTT GRIGSBY,

        Defendants.

**MEMORANDUM OPINION AND ORDER**

Pending before the Court is Plaintiff's Motion to Remand Case to Circuit Court of Cabell County (ECF No. 4). Plaintiff's motion contends that Defendants' removal of this action was untimely and also improper because there is not diversity among the parties. For the reasons set forth below, the motion is **GRANTED** and this matter is **REMANDED** to the Circuit Court of Cabell County, West Virginia.

**I.**     **Statement of Facts**

Plaintiff was a customer service representative and manager at GC Services Limited Partnership, d/b/a GC Services ("GC Services"). ECF No. 2, Ex. A. During her employment, Plaintiff became pregnant and suffered complications from her pregnancy. ECF No. 2, Ex. A. As a result, she was placed on long-term disability leave. ECF No. 2, Ex. A. Plaintiff alleges that her employer discriminated against her and illegally terminated her based on her pregnancy and resulting disability. ECF No. 2, Ex. A. Plaintiff alleges that Dan Danrulc and Scott Grigsby

were managers at GC Services' at the time of her employment. ECF No. 2, Ex. A. She alleges that they both had input in the decision to terminate her employment.

Plaintiff filed a complaint in state court on August 19, 2013 alleging state claims of discrimination under the West Virginia Human Rights Act. ECF No. 2, Ex. A. Plaintiff named GC Services, Dan Darnulc, and Scott Grigsby as defendants. ECF No. 4. Plaintiff is a resident of Ohio, Dan Darnulc is a resident of Ohio, and Scott Grigsby is a resident of West Virginia. ECF No. 4. GC Services is a Delaware Corporation. ECF No. 2.

Defendants removed this case to federal court pursuant to 28 U.S.C. § 1441, and based jurisdiction upon 28 U.S.C. § 1332, which permits cases to be brought in federal court if the case involves citizens of different states and the amount in controversy exceeds $75,000, exclusive of interest and costs. ECF No. 2. Defendants argue that the two individuals named as defendants in this action were fraudulently joined, leaving only Plaintiff, an Ohio resident, and GC Services, a Delaware corporation, as parties, therefore meeting the diversity requirement of Section 1332. ECF No. 2. Plaintiff argues that the individual defendants were properly joined and thus there is not complete diversity among the parties. ECF No. 4.

## II. Legal Standard

The burden of proving jurisdiction is on the party seeking removal. *See Wilson v. Republic Iron & Steel Co.*, 257 U.S. 92, 97 (1921). "Because removal jurisdiction raises significant federalism concerns, we must strictly construe removal jurisdiction." *Mulcahey v. Columbia Organic Chem. Co.*, 29 F.3d 148, 151 (4th Cir. 1994). Where a party seeks remand to state court based on a lack of complete diversity between the parties, the party seeking removal can prevent remand by demonstrating that the non-diverse party was fraudulently joined. To prove fraudulent joinder and establish jurisdiction, the removing party must show either (1) "outright

fraud in the plaintiff's pleading of jurisdictional facts" or (2) that "there is *no possibility* that the plaintiff would be able to establish a cause of action against the in-state defendant in state court." *Hartley v. CSX Transp., Inc.*, 187 F.3d 422, 424 (4th Cir. 1999) (quoting *Marshall v. Manville Sales Corp.*, 6 F.3d 229, 232 (4th Cir.1993)).

This jurisdictional inquiry is not the appropriate phase of litigation in which to "resolve . . . various uncertain questions of law and fact." *Id.* at 425. As the Fourth Circuit has explained:

> The party alleging fraudulent joinder bears a heavy burden—it must show that the plaintiff cannot establish a claim even after resolving all issues of law and fact in the plaintiff's favor. This standard is even more favorable to the plaintiff than the standard for ruling on a motion to dismiss under Fed. R. Civ. P. 12(b)(6). . . . Once the court identifies [a] glimmer of hope for the plaintiff, the jurisdictional inquiry ends.

*Hartley*, 187 F.3d at 424, 426 (internal citation omitted). Accordingly, if Plaintiffs have even "a slight possibility of a right to relief," this Court must remand the case. *See id.* at 426.

### III. Discussion

Defendants argue that Plaintiff has no right to relief against the individual defendants. ECF No. 2. Defendants point to discovery material and their arguments in a pre-removal motion for summary judgment to support their claim that the plaintiff has no basis to include the individuals as defendants in a state discrimination action. *See* ECF No. 2. The factual issues raised in Defendants' motion for summary judgment have yet to be resolved. While the defendants may ultimately prevail on these issues on summary judgment or at trial, at this stage the Court must focus on the allegations in the plaintiff's complaint and apply the standard set forth for fraudulent joinder. If Plaintiff can show even a possibility of a right to relief against the individual defendants, the Court must remand the action to state court.

Under the West Virginia Human Rights Act, a plaintiff employee can maintain a cause of action against another employee "based upon an allegation that the defendant employee aided or abetted an employer engaging in unlawful discriminatory practices." *Holstein v. Norandex, Inc.*, 461 S.E.2d 473, 478 (W. Va. 1995). Paragraph VII of Plaintiff's complaint alleges that Dan Darnulc and Scott Grigsby, the individual defendants, each "were managers and made significant decisions and had substantial input into the decisions regarding the employment of the Plaintiff." Furthermore, Plaintiff alleges that she believes they "had input in the decision to fire" her. Plaintiff has thus alleged that the individual defendants aided and abetted GC Services in illegally terminating her employment. Although Plaintiff may fail to ultimately prove these facts at trial, her allegations are sufficient to state claims, recognized by West Virginia law, against the individual defendants. There is thus a "possibility that the plaintiff would be able to establish a cause of action" in state court. Accordingly, Defendants have failed to establish fraudulent joinder.

## Conclusion

For the foregoing reasons, Plaintiff's Motion to Remand (ECF No. 4) is **GRANTED** and this matter is **REMANDED** to the Circuit Court of Cabell County, West Virginia. The Court **DIRECTS** the Clerk to send a copy of this written Opinion and Order to counsel of record and any unrepresented parties.

ENTER:  January 28, 2015

ROBERT C. CHAMBERS, CHIEF JUDGE